MARIANO ESQUIVAL v. THE STATE.

No. 3522.    Decided May 29, 1907.

**Assault to Murder—Statement of Facts—Certificate.**

Where upon appeal from a conviction for assault to murder, the document purporting to be a statement of facts did not have attached to it a certificate that it was a true and correct statement of all the facts proved on the trial of the case, the same cannot be considered on appeal.

Appeal from the District Court of Dimmit. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

W. A. H. Miller, J. L. Dannelly, for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for assault to murder, the punishment assessed being two years confinement in the penitentiary.

In the original statement of facts there was no twenty day order embodied, but a certified copy of the twenty day order is filed among the papers authorizing the filing of statement of facts after court. The statement of facts in this case, however, cannot be considered for another reason. There is no statement at the beginning of the statement of facts saying what the same is, but starts out by giving testimony of the witnesses; nor is there any certificate at the end of the statement of facts save and except the signatures of the lawyers, and after said signatures the word, approved: J. F. Mullally, District Judge, 49th District; and the record shows the original document, purporting to be a statement of facts, was endorsed, "Agreed statement of facts in State of Texas v. Mariano Esquival, No.— Filed March 2, 1907, J. B. Gibson, District Clerk, Dimmit County, Texas." It will be seen that the judge does not certify that the foregoing is a statement of all the facts, but merely writes the word, approved with his official signature. We hold that this is not a compliance with the statute requiring the statement of facts to be certified to as true and correct by the district judge. There should appear some certificate either at the beginning or end of the statement of facts to the effect that the following is a true and correct statement of all the facts proved on the trial of this case, or the certificate should be attached to the bottom of the statement of facts to the effect that the above and foregoing is a true and correct statement of all the facts proved upon the trial of this case. This, in substance, would be a proper certificate to a statement of facts agreed upon by counsel and approved by the judge. The statute, however, provides a different character of endorsement by the judge when he prepares a statement of facts where counsel have disagreed on same. It will be seen from the above that the statement of facts in this case does not comply with any of the requisites. See Hess v. State, 30 Texas Crim. App., 477. It, therefore, cannot be considered. In the absence of a statement of facts, the errors relied upon by the appellant cannot be reviewed.

The judgment of the lower court is accordingly affirmed.

*Affirmed.*